# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**TIMOTHY P. RICHARDS,**
**Claimant Below, Petitioner**

**FILED**

March 25, 2016
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)    No. 15-0367** (BOR Appeal No. 2049860)
(Claim No. 2010128197)

**WEST VIRGINIA SECRETARY OF STATE,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Timothy P. Richards, by Stephen P. New, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Secretary of State, by Jillian L. Moore, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 31, 2015, in which the Board affirmed an October 3, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 17, 2013, decision which granted Mr. Richards an additional 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Richards, a special products manager, was injured on March 16, 2010, when he tripped over a broken sidewalk and fell. The fall resulted in fractures to the radial heads of both elbows. Mr. Richards was treated with physical therapy and work hardening. On March 14, 2011, Saghir Mir, M.D., performed an independent medical evaluation in which he determined that Mr. Richards had reached maximum medical improvement for his bilateral elbow fractures. Dr. Mir stated that Mr. Richards could resume his regular work. Using the range of motion method found in the American Medical Association's *Guides to the Evaluation of Permanent*

1

*Impairment* (4th ed. 1993), Dr. Mir assessed 3% left elbow impairment and 2% right elbow impairment for a total of 5% whole person impairment. The claims administrator subsequently awarded Mr. Richards a 5% permanent partial disability award.

On February 22, 2012, Bruce Guberman, M.D., performed an independent medical evaluation in which he diagnosed status post contusion and strain of both forearms with fractures of both radial heads. He noted residual symptoms, mainly weakness and decreased grip strength, in both hands. Dr. Guberman asserted that Mr. Richards's bilateral weakness and decreased strength necessitated the use of Tables 64 and 65 of the American Medical Association's *Guides* in order to determine Mr. Richards's whole person impairment. Using those tables, Dr. Guberman assessed 12% impairment for the right arm/hand and 12% for the left arm/hand for a combined impairment of 23%. Since Mr. Richards already received a 5% award, Dr. Guberman recommended an additional 18% award.

Prasadarao Mukkamala, M.D., reviewed Dr. Guberman's evaluation in an April 30, 2012, physician's review. Dr. Mukkamala found that Dr. Guberman noted normal range of motion in his examination; however, he calculated 12% whole person impairment for each upper extremity using the strength loss index. Dr. Mukkamala noted that the American Medical Association's *Guides* provide that because strength measurements are influenced by subjective factors and difficult to control, they are not assigned a large role in impairment measurements. The *Guides* indicate that more research is needed before pinch and grip strength is given a larger role in impairment evaluations. Dr. Mukkamala found that at the time of Dr. Guberman's evaluation, Mr. Richards had been working full time. Using range of motion findings, Dr. Mukkamala concluded that Mr. Richards actually improved between Dr. Mir's evaluation and Dr. Guberman's. Dr. Mukkamala further concluded that there was nothing rare in this case that would allow for the use of grip strength measurements for impairment, and he therefore recommended that the additional impairment not be allowed.

On June 8, 2012, Paul Bachwitt, M.D., performed an independent medical evaluation of Mr. Richards. Dr. Bachwitt found that Mr. Richards had reached maximum medical improvement and had normal range of motion, motor strength, pinch strength, and grip strength in both arms. He therefore assessed 0% impairment. In an addendum report, Dr. Bachwitt was asked to comment on Dr. Guberman's findings. Dr. Bachwitt quoted the American Medical Association's *Guides* and stated that the *Guides* are largely controlled by anatomic impairment and those who contributed to the *Guides* believe that further research is needed before loss of grip and pinch strength is given a larger role in impairment evaluation. He further found that in this specific case Mr. Richards had normal grip and pinch strengths on exam. He also had normal range of motion in both elbows, and the radial fractures had healed in acceptable position and alignment. Dr. Bachwitt therefore disagreed with Dr. Guberman's assessment.

A final independent medical evaluation was performed by Christopher Martin, M.D., in June of 2014. Dr. Martin found normal range of motion, assessed 0% impairment, and stated that he concurred with Dr. Bachwitt's assessment. Dr. Martin disagreed with Dr. Guberman's impairment formulation because he made several errors in his application of the American Medical Association's *Guides*. Dr. Martin stated that Dr. Guberman assessed impairment using a

completely different method from all other examiners. He further noted that Dr. Guberman's impairment findings would result in 27% impairment when properly combined; however, Dr. Guberman's own examination showed normal range of motion in both elbows. Dr. Guberman also failed to verify his grip strength measurements as required under the American Medical Association's *Guides.*

The claims administrator granted Mr. Richards a 0% permanent partial disability award on July 17, 2013. The Office of Judges affirmed the decision in its October 3, 2014, Order. It found that three of the four evaluating physicians calculated Mr. Richards's impairment using range of motion measurements. Dr. Mir found 5% impairment, and Drs. Bachwitt and Martin both found normal range of motion and therefore assessed 0% impairment. In contrast, Dr. Guberman assessed 23% whole person impairment for reduced grip strength. The Office of Judges determined that he was the only evaluator of record to assess impairment using strength measurements. Further, Drs. Bachwitt, Martin, and Mukkamala all opined that Dr. Guberman erred by using grip strength to calculate impairment because the American Medical Association's *Guides* discourages the use of strength measurements. The Office of Judges concluded that the use of strength measurements to evaluate impairment is discouraged except in the rarest of cases. According to the *Guides*, strength measurements should only be used when other criteria have not adequately measured impairment. The Office of Judges also noted that the two most recent independent medical evaluations indicate Mr. Richards has fully recovered with no residual impairment. Dr. Guberman's report was therefore found to be an unreliable assessment of his impairment. The Office of Judges held that Mr. Richards was fully compensated by his prior 5% permanent partial disability award. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order.

On appeal Mr. Richards argues that the Office of Judges erred in its determination that Dr. Guberman's report is less reliable than the others of record. The West Virginia Secretary of State asserts that Dr. Guberman's assessment was unreliable because his findings were inconsistent with the evidence of record and based on a rating method that the American Medical Association's *Guides* discourages.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Dr. Guberman failed to sufficiently justify his departure from the normal, recommended impairment rating method. The American Medical Association's *Guides* clearly provides that strength measurements are subjective and discourages their use when other criteria are available and appropriate. The evidence shows that this was not a special case for which grip and strength measurements were appropriate for measuring impairment. Additionally, Dr. Guberman's impairment rating was significantly higher than all the others of record. He assessed 23% impairment whereas the other physicians of record found a maximum of 5% impairment. The Board of Review was therefore justified in disregarding his opinion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 25, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II